

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

October 8, 1990

Mr. Charles D. Travis
Executive Director
Employees Retirement System
   of Texas
P. O. Box 13207
Austin, Texas    78711-3207

Opinion No.   JM-1231

Re: Authority of the Employees Retirement System of Texas to operate a securities lending program    (RQ-1908)

Dear Mr. Travis:

You ask two questions regarding the participation of the Employees Retirement System of Texas (hereinafter ERS) in a securities lending program. The ERS is a statewide retirement system established pursuant to constitutional mandate. Tex. Const. art. XVI, § 67(b)(2). The constitutional provision requires the statutes governing each statewide system to provide for a board of trustees to administer the system and to invest the system's funds "in such securities as the board may consider prudent investments." Id. § 67(a)(3).

Chapter 815 of the Government Code (hereinafter the code) specifies the powers and duties of the ERS board and provides for the management and operation of the system. Sections 815.207, 815.301, 815.302, and 815.303 of the code authorize the ERS to select one or more commercial banks, depository trust companies, or other entities to serve as custodian of all or part of the retirement system's assets.

Section 815.303(a) grants express authority to the ERS to select one or more commercial institutions to serve as custodians of the system's securities and to lend the securities as the board of trustees determines. Section 815.303(b) prescribes the requirements for the entities selected to engage in securities lending:

> (a) The <u>retirement system may</u>, in the exercise of its constitutional discretion to manage the assets of the retirement system, <u>select</u> one or <u>more</u> commercial <u>banks</u>, depository trust <u>companies</u>, <u>or</u> other <u>entities</u> to serve <u>as custodian</u> or custodians of the system's securities <u>and to lend</u> the

**securities** under rules adopted by the board of trustees and as required by this section.

(b) To be eligible to lend securities under this section, a bank or brokerage firm must:

(1) be experienced in the operation of a fully secured securities loan program;

(2) maintain adequate capital in the prudent judgment of the retirement system to assure the safety of the securities;

(3) execute an indemnification agreement satisfactory in form and content to the retirement system fully indemnifying the retirement system against loss resulting from its operation of a securities loan program for the system's securities; and

(4) require any securities broker or dealer to whom it lends securities belonging to the retirement system to deliver to and maintain with the custodian collateral in the form of cash or United States government securities in an amount equal to not less than 100 percent of the market value, from time to time, of the loaned securities. (Emphasis added.)

Securities lending is a form of investment. A 1986 opinion issued by the attorney general of the state of Washington described securities lending agreements as follows:

Under the terms of a securities lending agreement, securities are presently paid out in exchange for the right to receive repayment of the securities, plus interest, at some future date. Securities lending agreements, as income-producing loans, are therefore an investment of funds and may be constitutionally entered on behalf of the permanent common school fund, public pension or retirement funds, and industrial insurance funds.

Op. Wash. Att'y Gen.  No. 5 (1986).  See generally  Attorney General Opinion JM-1210 (1990).

You first ask whether the  ERS may operate an  in-house securities lending program using its own personnel when  its securities are held  under a  custodial agreement.  Section 815.303 of the  code authorizes  securities lending  through eligible third  party custodians,  not  by the  ERS  itself. Further, the ERS could not  satisfy the requirements that  a bank or brokerage fund must  satisfy in order to lend  ERS's securities.  Gov't Code § 815.303(b).   The ERS, of  course, is to adopt rules governing  the lending of its  securities. Id. §  815.303(a).

Next you  ask  whether the  ERS  has the  authority  to contract with  an entity  other than  an existing  custodian for the  purpose  of operating  a  lending program  for  the system's securities.  Section 815.303(a)  allows the ERS  to designate more than  one entity  to "serve  as custodian  or custodians of  the  system's  securities  and  to  lend  the securities."  Consequently,  we  see no  impediment  to  the ERS's naming an additional custodian to engage in securities lending.  Indeed, if existing custodians did not satisfy the requirements of subsection (b)  of section 815.303, the  ERS would have to appoint a new  custodian in order to have  its securities lent.

### S U M M A R Y

There is  no statutory  authority for  the ERS to operate an in-house securities lending program.  The ERS  may  select  an  eligible institution other than an existing  custodian to  operate  a  lending  program  for  its securities.

Very truly yours,

*Jim Mattox*

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General